1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

GREGORY S. TIFT,                                    No. C10-804 RSL

11                    Plaintiff,

12              v.                                   ORDER GRANTING IN PART AND
                                                     DENYING IN PART DEFENDANTS'
13      SNOHOMISH COUNTY, et al.,                    MOTION FOR SUMMARY JUDGMENT

14                    Defendants.

15

## I.      INTRODUCTION
16

17          This matter comes before the Court on defendants' Motion for Summary Judgment (dkt.

18   #38) and plaintiff's Motion for Partial Summary Judgment (dkt. #79).  In defendants' motion,

19   they seek dismissal of every cause of action.  Pro se plaintiff Gregory Tift argues that summary

20   judgment is inappropriate because he has demonstrated genuine issues of material fact.

21   Plaintiff requests summary judgment as to his trespass claim against defendants Sant, Giralmo

22   and Jones.  Dkt. #79.  Having reviewed the parties' memoranda, all supporting evidence

23   submitted to the Court, and oral argument, the Court GRANTS in part and DENIES in part

24   defendants' motion for summary judgment, and DENIES plaintiff's motion for partial summary

25   judgment for the reasons stated below.

26

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

## II.   FACTUAL BACKGROUND

On January 6, 2009, at approximately 7:15 a.m., Snohomish County Deputies (defendants Nicholas Giralmo, Dane Sant and Darrell Jones), Snohomish County Sheriff's Special Services Unit Supervisor Mindy Richardson, and Matthew Green and Elizabeth Hebener of the law firm Williams, Kastner, Gibbs PLLC arrived at plaintiff's home to serve a Writ of Execution (the "Writ").[1]   When the deputies rang the doorbell, plaintiff's minor step-child opened the door, responded to the deputies that her parents were home, closed the door with the sheriffs outside, and went to wake up her parents.[2]  Dkt. #69 [J.J. Decl.] ¶2.  Plaintiff went to the balcony and saw the three deputies, an unidentified man and unidentified woman in civilian clothes in his home.  Dkt. #62 [Tift Decl.] ¶1.  Once plaintiff identified himself, one of the deputies charged up the stairs and escorted him downstairs.  Id. ¶¶1-2.  When Deputy Giralmo served the Writ on plaintiff, plaintiff stated that he could not see without his glasses, but that he was familiar with a writ of attachment and wanted to see a copy of the bond, if any. Id. ¶¶2-4.  Plaintiff learned that one of the civilians was Matthew Green, who was the attorney for the judgment creditor and against whom plaintiff had obtained an ex parte default judgment in another matter.  Id. ¶4.  Plaintiff had the Writ in both hands, trying to find the paragraphs about choosing exemptions, and when he began asking about exemptions, he realized he "was surrounded by all officers.  [He] tried to step out because they had [him] pinned to the wall; as [he] passed between the two officers they grabbed and faced slammed [sic] [him] into the front door, [he] did not resist them [he] really could not move."  Id. ¶5.  Plaintiff was then handcuffed, placed inside a patrol car, and taken to jail.  Id.

---

[1]The Writ of Execution No. 08-2-04031-1 was entered in the Superior Court for Snohomish County, authorizing the Snohomish County Sheriff to levy upon, seize, and take into possession and execution, the personal property of plaintiff sufficient to satisfy the judgment.  Dkt. #42 [Richardson Decl.] ¶2, Ex. A.

[2]The Court has summarized the disputed facts in the light most favorable to plaintiff. Defendants' version of the events giving rise to this action is very different.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

1    The deputies then removed various personal property from the home and provided

2    Rebecca Johnson, plaintiff's wife, with an inventory list of the items taken.  Dkt. #64 [Johnson

3    Decl.] ¶¶7-8.  Plaintiff alleges that several items went missing that were not listed on the

4    inventory, including Ms. Johnson's Escrow refund check (id. ¶8), cash from plaintiff's wallet,

5    plaintiff's keys, and legal papers (dkt. #62 [Tift Decl.] ¶¶10-11).

6        In his First Amended Complaint against Deputies Giralmo, Jones and Sant, and

7    Snohomish County, plaintiff alleges claims for Excessive Use of Force, Violation of State Law

8    and Negligence, Personal Injury Property, Violation of Due Process, Deprivation of Rights,

9    Unlawful Entry and Deprivation of Liberty, Denial of Equal Protection, Imprisonment for

10   Debt, Extra Compensation by Public Officer, Property Theft, and Outrage.  Dkt. #31.

## III.   ANALYSIS

### A.    Legal Standard on Summary Judgment

12       Summary judgment is appropriate if there is no genuine issue of material fact and the

13   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving

14   party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

15   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the

16   burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could

17   find other than for the moving party.  Calderone v. United States, 799 F.2d 254, 259 (6th Cir.

18   1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the

19   moving party can prevail merely by pointing out to the district court that there is an absence of

20   evidence to support the nonmoving party's case.  Celotex Corp., 477 U.S. at 325.  If the

21   moving party meets the initial burden, the opposing party must set forth specific facts showing

22   that there is a genuine issue of fact for trial in order to defeat the motion.  Anderson v. Liberty

23   Lobby, Inc., 477 U.S. 242, 250 (1986).  The Court must view the evidence in the light most

24   favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

25   Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000).

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

1

**B.     Fourth Amendment Unlawful Seizure, Arrest or Imprisonment Claim**

2

Whether the individual defendants are entitled to qualified immunity on this claim

3

depends on (1) whether the facts that the plaintiff has alleged or shown make out a

4

constitutional violation and, (2) if so, whether the constitutional right at issue was clearly

5

established at the time of the violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).[3]

6

1.     Unlawful Arrest

7

Probable cause to arrest an individual exists when the facts and circumstances are

sufficient to warrant a reasonably prudent person in believing that the individual has committed

8

or is committing a crime.  Gerstein v. Pugh, 420 U.S. 103, 111 (1975).

9

It is not disputed that Deputies Giralmo and Jones were the arresting officers.  Dkt. #39

10

[Giralmo Decl.] ¶8 & #41 [Jones Decl.] ¶7.  Since Deputy Sant did not arrest plaintiff, he

11

cannot be liable for unlawfully arresting him.  The Court grants summary judgment to Deputy

12

Sant on plaintiff's claim for unlawful arrest.

13

Plaintiff was arrested for obstruction and resisting arrest under RCW 9A.76.020 and

14

9A76.040.  Dkt. #38 at 15 n.7, #39 [Giralmo Decl.] ¶8, #41 [Jones Decl.] ¶¶ 6-7.  According to

Plaintiff, he had the Writ in both hands, was attempting to find the paragraphs about

15

exemptions, and began asking about exemptions when "all sheriffs started talking at once" and

16

surrounded him.  Id. ¶5.[4]  Although plaintiff does not dispute that he made contact with one of

17

the deputies, he describes that he was merely attempting to step out of an uncomfortable

18

situation where he was "surrounded" by the officers and "pinned to the wall."  Id. ¶5.

19

Additionally, Ms. Johnson declares that she "heard no shouting" and did not hear her husband

20

21

22

[3]The Supreme Court modified Saucier in Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808,
818 (2009).  Under Pearson, the decisional sequence is no longer mandatory.  Here, the Court
concludes that the Saucier analysis, although no longer required, is appropriate.

23

24

[4]The Court strikes the portions of plaintiff's declaration that refer to various volume levels of
voices as improper opinion testimony and the portions of paragraph 12 that provide legal conclusions.
Fed. R. Evid. 701, 702, 704.

25

26

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

raise his voice or yell at the Sheriff.  Dkt. #64 [Johnson Decl.] ¶¶ 2, 12.[5]  Viewing the facts in the light most favorable to plaintiff, a reasonable juror could find that he was not verbally and physically belligerent and did not refuse to comply with defendants' commands.  Dkt. #62 [Tift Decl.] ¶¶1-6.[6]  The Court finds that, taking plaintiff's version of the events as true, the deputies did not have probable cause to arrest him for obstruction.  With respect to resisting arrest, while plaintiff concludes that he "did not resist" the deputies, he provides no facts that refute Deputy Giralmo's report that he "tried to straighten his arms and break [Deputy Giralmo's] hold" (dkt. #39 [Giralmo Decl.]¶8).  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) (conclusory allegations unsupported by factual data are insufficient to defeat summary judgment).  Nevertheless, if there was no probable cause to arrest plaintiff for obstruction in the first place, it makes no difference for present purposes if he resisted arrest. See Blankenhorn v. City of Orange, 485 F.3d 463, 472 (9th Cir. 2007).

        Having determined that violations of plaintiff's Fourth Amendment rights could be established on a favorable view of plaintiff's evidence, the Court must determine whether the right was clearly established.  It has long been established that a warrantless arrest is justified only where there is probable cause to believe that a criminal offense has been committed.  See Gerstein, 420 U.S. at 113.  The Court finds that there is a triable issue of whether a reasonable officer faced with these facts would have concluded that there was a fair probability that plaintiff was obstructing the deputies.  John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008) (A court must consider "the totality of the circumstances known to the arresting officers, to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.") (internal edits omitted).  The Court finds that the factual disputes prevent the Court from ruling as a matter of law that the officers are entitled to qualified immunity.

---

        [5]The Court strikes paragraph 10 of Ms. Johnson's declaration as improper speculation and hearsay.  Fed. R. Evid. 602, 802.

        [6]Defendants fail to address the facts in plaintiff's declaration in their reply.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5

1    Accordingly, the Court denies defendants' summary judgment motion for plaintiff's

2    unlawful arrest claim against Deputies Giralmo and Jones.

3            2.      Unlawful Search and Seizure

4    Plaintiff argues that the execution of the Writ was an unlawful search and seizure

5    because the initial entry was made at an unreasonable time and the manner of execution was

6    improper.  Dkt. #61 [Opp.] at 12-13.

7    Plaintiff claims that the execution of the Writ was unreasonable as to time because it

8    was still dark at 7:15 a.m., citing to Fed. R. Crim. P. 41(e)(2)(A)(ii), which requires law

9    enforcement to execute warrants during the daytime.  Dkt. #61 [Opp.] at 12, #76 [Surreply] at

10   4.  Plaintiff acknowledges that Rule 41 controls criminal cases, but argues that it should apply

11   here.  The Court notes that Rule 41 defines "daytime" as the hours between 6 a.m. and 10 p.m.

12   Fed. R. Civ. P. 41(a)(2)(B).  Regardless of whether Rule 41 should apply here, the Court finds

13   that the initial entry to execute the Writ at approximately 7:15 a.m. was reasonable.

14   Plaintiff argues that the manner of execution was improper because there was no public

15   demand for property prior to the deputies entering his home and because of the presence of a

16   civilian attorney.  Defendants arrived at plaintiff's home to serve the Writ pursuant to a

17   superior court order.  Dkt. ##39-41 ¶4.  The Writ authorized the sheriffs to break and enter to

18   enforce it.  Dkt. #42-1, Ex. A at 2.  Accordingly, the defendants were lawfully present in

19   plaintiff's home.[7]

20   RCW 6.17.160 requires the sheriff to whom a writ is directed to execute the writ.  With

21   respect to personal property, RCW 6.17.160(2) provides: "If the property or any part of it may

22   be concealed in a building or enclosure, the sheriff <u>may</u> publicly demand delivery of the

23   property.  If the property is not delivered and if the order of execution so directs, the sheriff

24   may cause the building or enclosure to be broken open and take possession of the property."

25   (emphasis added).  Plaintiff argues that this language requires a public demand for delivery of

---

[7]Having concluded that the defendants were lawfully present in plaintiff's home, the Court
DENIES plaintiff's Motion for Partial Summary Judgment as to trespass.  Dkt. #79.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6

property prior to entry.  The Court disagrees.  The term "may" (as opposed to "shall" or "must") is permissive, not mandatory.  Further, plaintiff has not cited, and the Court is unaware of, any legal authority that holds that the presence of a judgment creditor's attorney invalidates a writ of execution or violates the debtor's Fourth Amendment right.  The Court finds that the presence of Matthew Green, the attorney representing the judgment creditor, does not invalidate or make unreasonable the entry into plaintiff's home or the execution of the Writ.  Dkt. #64 [Johnson Decl.], Ex. A.  See Revis v. Meldrum, 489 F.3d 273, 278, 280 (6th Cir. 2007) (plaintiff conceded that his personal property was constitutionally seized in executing the writs where deputies were accompanied by employee of law firm representing judgment creditor).

The Fourth Amendment's protection against unreasonable search and seizure applies in the civil context, but the standards of reasonableness are less stringent than in the criminal context.  See e.g., Waters v. Graham, 1999 U.S. Dist. LEXIS 8688, 22-23 (D. Or. 1999) ("Although the Fourth Amendment applies in civil as well as criminal contexts, a criminal warrant (or recognized warrant exception) is not strictly required where the government action is unrelated to any criminal investigation."); Owens v. Swan, 962 F. Supp. 1436, 1440 (D. Utah 1997) (standards of reasonableness are less stringent in civil context than in criminal context).

Here, the Court finds that the manner of execution of the Writ was reasonable because the deputies were lawfully present in plaintiff's home pursuant to the Writ and valid state law.  Dkt. #42-1, Ex. A at 2; RCW 6.17.160.  See Johnson v. Outboard Marine Corp., 172 F.3d 531, 536-37 (8th Cir. 1999) (seizure not unreasonable where property was levied by a deputy executing a valid writ); Coonts v. Potts, 316 F.3d 745, 750-51 (8th Cir. 2003) (no violation of Fourth Amendment where property was seized by deputies pursuant to facially-valid writ of execution, and seizure was authorized by state law which allowed officers to "break open doors" to execute an order for the delivery of personal property).

Accordingly, the Court grants summary judgment as to plaintiff's search and seizure claim against all defendants.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 7

1

### C.     Fourth Amendment Excessive Use of Force Claim

2

The Fourth Amendment limits the amount of force a police officer may use to effect an

3
arrest to that which is "reasonable" under "the facts and circumstances of each particular case,

4
including the severity of the crime at issue, whether the suspect poses an immediate threat to

5
the safety of the officers or others, and whether he is actively resisting arrest or attempting to

6
evade arrest by flight."  Graham v. Connor, 490 U.S. 386, 396 (1989).  Establishing a lack of

7
probable cause to make an arrest does not establish an excessive force claim because the

8
factual inquiries regarding excessive force and unlawful arrest are distinct.  Blankenhorn, 485

F.3d at 477.

9

Plaintiff argues that defendants used excessive force by being unlawfully present in his

10
home when they surrounded him, slammed his face against the front door, handcuffed him, and

11
led him away.  Dkt. #61 [Opp.] at 13-14; #62 [Tift Decl.] ¶5.  The Court has already concluded

12
that the defendants were lawfully present in plaintiff's home.  Additionally, while plaintiff

13
concludes that he "did not resist" the deputies, he provides no facts that refute Deputy

14
Giralmo's report that he "tried to straighten his arms and break [Deputy Giralmo's] hold" (dkt.

#39 [Giralmo Decl.] ¶8).  See Arpin, 261 F.3d at 922.  See also Tatum v. City & County of San

15
Francisco, 441 F.3d 1090, 1096 (9th Cir. 2006) (use of control hold to secure plaintiff did not

16
violate Fourth Amendment).  Plaintiff's claim of injury is equally unsupported as he does not

17
provide any medical records to support his claim that he suffered injury as a result of being

18
handcuffed or "face slammed" into the front door.  See Foster v. Metro. Airports Comm'n, 914

19
F.2d 1076, 1082 (8th Cir. 1990) (allegations of injury without medical records or other

20
evidence of injury insufficient to establish excessive force).

21

Since plaintiff failed to provide specific facts demonstrating that the force used was

22
unreasonable or that he sustained actual injuries, the Court grants defendants' motion for

23
summary judgment as to plaintiff's excessive use of force claim against all defendants.

24

25

26

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

     **D.**    **Due Process Claim**

     Plaintiff argues that his procedural due process rights were violated by defendants because the deputies did not allow him to exercise his exemptions under RCW 6.15.010.  Dkt. #61 [Opp.] at 17-18.

     Procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests without adequate procedural protections.  Mathews v. Eldridge, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  Id. at 333.  Due process is not a technical conception with a fixed content unrelated to time, place and circumstances, but, rather, is flexible and calls for such procedural protections as the particular situation demands.  Id. at 334.  At a minimum, procedural due process requires adequate notice and an opportunity to be heard.  Kirk v. U.S. INS, 927 F.2d 1106, 1107 (9th Cir. 1991).

     Most decisions addressing due process limits on post-judgment remedies still cite to Endicott-Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285 (1924).  There, the Supreme Court held that a judgment debtor is not constitutionally entitled to notice and a hearing prior to wage garnishment because the existence of the underlying judgment was sufficient notice of what would follow.  Id. at 288.  In Griffin v. Griffin, 327 U.S. 220, 228 (1946), which involved the collection of past-due alimony payments arising out of a divorce decree, the Supreme Court held that a judgment directing issuance of execution for collection of the unpaid alimony violated due process because it had been obtained *ex parte* and had cut off defenses available to the husband.  Substantial debate has arisen over whether Griffin undercuts the holding in Endicott.  See e.g., Morrell v. Mock, 270 F.3d 1090, 1096-97 (7th Cir. 2001); Augustine v. McDonald, 770 F.2d 1442, 1446 n.3 (9th Cir. 1985); McCahey v. L.P. Investors, 774 F.2d 543, 547-48 (2d Cir. 1985).  However, the Court agrees with subsequent decisions that have found that Endicott did not consider the existence of exempt property that might nevertheless be erroneously seized if some post-judgment remedies are not accorded to the debtor.  See McCahey, 774 F.2d at 548.  Courts that have reviewed the constitutional sufficiency of post-

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 9

judgment procedures and remedies have universally employed the balancing test summarized in <u>Matthews</u>, 424 U.S. at 335.  <u>Aacen v. San Juan County Sheriff's Dep't</u>, 944 F.2d 691, 695 (10th Cir. 1991); <u>McCahey</u>, 774 F.2d at 548-49; <u>Dionne v. Bouley</u>, 757 F.2d 1344, 1365 (1st Cir. 1985); <u>Finberg v. Sullivan</u>, 634 F.2d 50, 58 (3d Cir. 1980); <u>Brown v. Liberty Loan Corp. of Duval</u>, 539 F.2d 1355, 1365 (5th Cir. 1976).

    To determine whether due process was afforded, the Court must weigh (1) the private property interest, (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  <u>Mathews</u>, 424 U.S. at 335.

    The creditor has a strong interest in prompt and inexpensive satisfaction and collection of the judgment since delay may result in the debtor's disposition of the property or diminution of its value.  <u>See</u> <u>McCahey</u>, 774 F.2d at 549.  The debtor has a legitimate interest in protecting exempt property from seizure.  <u>Id.</u>  Washington State has several interests, including providing inexpensive and rapid methods of collecting judgment, ensuring an efficient use of its judicial resources, and ensuring that the laws exempting property from seizure are not evaded.  <u>Id.</u>

    Here, plaintiff does not challenge the constitutionality of the statutory provisions. Rather, he claims that his inability to claim exemptions at the very moment of seizure violated his due process rights.  However, he was provided with notice of seizure when Deputy Giralmo served him with the Writ and informed him that they would seize his personal property to satisfy the judgment. Dkt. #62 [Tift Decl.] ¶2.  Plaintiff also received notice of the exemptions to which he may be entitled because the text of RCW 6.15.010, which lists exempt property, and RCW 6.15.060, which provides the manner of claiming exemptions, was attached to the Writ. Dkt. #62, ¶¶ 2 & 5, Ex. A.  RCW 6.15.060 provides in relevant part:

   (3)(a) A debtor who claims personal property as exempt against
   execution or attachment shall, at any time before sale, deliver to the
   officer making the levy a list by separate items of the property

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 10

1
2

> claimed as exempt, together with an itemized list of all the personal
> property owned or claimed by the debtor . . .

3
4
5
6
7
8
9
10
11
12

Plaintiff could have availed himself of this post-deprivation remedy by, at any time prior to the sale, delivering to the sheriff a list of the properties claimed as exempt.  The statute does not require that a debtor be allowed to claim exemptions at the very moment of seizure.  There is no evidence in the record that plaintiff ever tried to deliver a list of exempt properties to the sheriff before the sale.  Nor does plaintiff provide evidence that the sheriff failed to provide him notice of the sale pursuant to RCW 6.21.020.  Rather, Deputy Giralmo declares that he logged each item taken from the residence, the items were kept in storage for 30 days, proper notice of sale was given, and the items were then sold.  Dkt. #39 [Giralmo Decl.] ¶10.  The Court finds that plaintiff's failure to invoke the state procedure compels the conclusion that he is unable to show an unconstitutional deprivation of property.  See Huxall v. First State Bank, 842 F.2d 249, 251-52 (10th Cir. 1988).

13
14

Accordingly, the Court grants defendants' motion for summary judgment with respect to plaintiff's claims for due process violations against all defendants.

15
16
17
18
19
20
21
22

### E.    Fourteenth Amendment Equal Protection Claim

Defendants argue that plaintiff's claim fails because he does not allege or provide any evidence that he was a member of a protected group or class that was subjected to unequal treatment.  Dkt. #38 at 16-17.  Plaintiff does not contest defendants' argument.  Accordingly, the Court grants defendants' motion for summary judgment with respect to plaintiff's equal protection claim as to all defendants.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (to establish a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, plaintiff must show that defendants acted with intent or purpose to discriminate against plaintiff based on membership in a protected class).

23
24
25

### F.    Imprisonment for Debt

The Court has already addressed plaintiff's unlawful arrest and search and seizure claims.  Plaintiff has not provided evidence or legal authority for the existence of a cause of

26

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 11

1    action for imprisonment for debt.  Accordingly, the Court grants defendants' motion for

2    summary judgment as to plaintiff's claim for imprisonment for debt.

3              **G.    Illegal Compensation by a Public Officer and Outrage Claims**

4         Plaintiff concedes these claims.  Accordingly, the Court grants summary judgment with

5    respect to plaintiff's bribery, illegal compensation, and outrage claims as to all defendants.

6              **H.    Property Theft Claim**

7         Plaintiff argues that a factual dispute exists as to his theft claim.  Plaintiff declares that

8    when he returned to his home after his arrest, he noticed that the cash from his wallet, in the

9    amount of several hundred dollars, his keys, and loan modification and legal papers were

10   missing and they were not accounted for on the inventory.  Dkt. #62 [Tift Decl.] ¶¶ 10-11.  Ms.

11   Johnson declared that she saw Matthew Green and Mindy Richardson going through plaintiff's

12   wallet, and they had his credit cards and cash spread out on the counter.  Dkt. #64 [Johnson

13   Decl.] ¶7.  She also declared that after the sheriffs left she discovered that her "Escrow refund

14   check was removed."  Id. ¶8.  However, defendants Sant, Jones and Giralmo have all declared

15   that they "did not steal property from Mr. Tift or his residence."  Dkt. #39 [Giralmo Decl.] ¶11,

16   #40 [Sant Decl.] ¶10, #41 [Jones Decl.] ¶9.  While there is a factual dispute regarding whether

17   the property was actually taken, plaintiff provides no evidence that disputes the deputies'

18   declaration that they did not steal any property from plaintiff or his residence.

19        Accordingly, the Court grants summary judgment as to plaintiff's property theft claim

20   against all defendants.

21             **I.    Negligence Claim**

22        Plaintiff argues that the deputies were negligent and that Snohomish County was

23   negligent in failing to provide the deputies with adequate training.  Dkt. #61 [Opp.] at 14.

24        A negligence claim requires proof of a duty, a breach of duty, a resulting injury, and

25   proximate causation.  Hutchins v. 1001 Fourth Ave Ass'n, 116 Wn. 2d 217, 220 (1991).  The

26   threshold question of whether a duty of care is owed by defendants to plaintiff is a question of

     law.  Taylor v. Stevens County, 111 Wn. 2d 159, 163, 168 (1988).  To recover under the public

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 12

duty doctrine, a plaintiff must show the duty breached was owed to an individual and was not merely a general obligation due to the general public.  Babcock v. Mason County Fire Dist. No. 6, 144 Wn. 2d 774, 785 (2001).  There are four exceptions to the public duty doctrine in which a governmental agency or its agents acquire a special duty of care owed to a particular plaintiff or a limited class of potential plaintiffs:  (1) legislative intent to protect particular class of persons; (2) failure to enforce known statutory violations and plaintiff is within the class of persons the statute was intended to protect; (3) failure to exercise reasonable care after government agents assume a duty to warn or aid a particular plaintiff; or (4) special relationship where plaintiff relies on explicit assurances.  Bailey v. Forks, 108 Wn. 2d 262, 268 (1988).

Plaintiff argues that the "officers had a duty to keep the peace and follow" RCW section 6.17.160.  Dkt. #61 [Opp.] at 17.  A "duty to keep the peace" would be a general duty that officers owe to the public at large, and as the Court concluded above, section 6.17.160 does not require a public demand for delivery of property prior to entering and seizing the property.  Plaintiff has failed to identify a duty of care owed by the deputies to him.

A negligent supervision claim requires showing that (1) an employee acted outside the scope of his/her employment, (2) the employee presented a risk of harm, (3) employer knew or should have known in the exercise of reasonable diligence that the employee posed a risk to others, and (4) the employer's failure to supervise was the proximate cause of injuries to others.  Niece v. Elmview Group Home, 131 Wn. 2d 39, 48-51 (1997).  The knowledge element requires a showing of knowledge of the dangerous tendencies of the particular employee.  Id. at 52.

There is no evidence in the record that would suggest that Snohomish County either knew or should have known that any of the three defendant deputies had dangerous tendencies or otherwise presented an unreasonable risk to others.  Allen v. State of Washington, 2006 U.S. Dist. LEXIS 87270, 43 (W.D. Wn. 2006) (negligent supervision claim dismissed where plaintiff failed to show that the state either knew or should have known that any of the three

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 13

1  defendant officers had prior dangerous tendencies or otherwise presented an unreasonable risk

2  to others).

3        Accordingly, the Court grants defendants' summary judgment motion as to plaintiff's

4  negligence and negligent supervision claims.

5        **J.      Claims against Snohomish County**

6        Defendant argues that the claims against Snohomish County should be dismissed

   because municipalities are not subject to section 1983 liability under a respondeat theory and

7  plaintiff has failed to demonstrate a factual dispute regarding whether a policy or practice

8  caused plaintiff's injuries.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)

9  (municipalities are not subject to section 1983 liability under respondeat superior theory for

10 isolated torts of employees).  Plaintiff argues that he has a constitutional right to be free from

11 unreasonable search and seizure, and that RCW 6.17.160 requires a public demand prior to

12 seizure of property.  Plaintiff provides no evidence of a county policy or practice, but

13 concludes that "it must be assumed that the county's policy is to ignore statutory safeguards

   and violate a person's constitutional right."

14      The Court has already concluded that RCW 6.17.160 does not require a public demand

15 prior to seizure of property pursuant to a valid writ of execution.  The Court is unaware of any

16 legal authority that supports plaintiff's conclusion that the Court must assume a county's policy

17 to ignore statutory safeguards, and accordingly rejects this argument.  The Court finds that

18 plaintiff has failed to identify a county policy that amounted to deliberate indifference to his

19 constitutional rights, or that the policy was the moving force behind the constitutional

20 violation.  Mabe v. San Bernardino County, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (overruled

21 on other grounds).  Accordingly, the Court grants summary judgment for plaintiff's claims

22 against Snohomish County.

   **IV.   CONCLUSION**

23      For all the foregoing reasons, the Court DENIES defendants' motion for summary

24 judgment with respect to plaintiff's unlawful arrest claim against defendants Jones and Giralmo

25

26
   ORDER GRANTING IN PART DEFENDANTS'
   MOTION FOR SUMMARY JUDGMENT - 14

only.  Dkt. #38.  The Court GRANTS defendants' summary judgment motion as to every other claim against all defendants.  The Court DISMISSES all of plaintiff's claims EXCEPT for unlawful arrest against defendants Jones and Giralmo only.  Given the Court's ruling on defendants' summary judgment motion, the Court DENIES plaintiff's motion for partial summary judgment as to trespass against defendants.  Dkt. #79.

DATED this 24th day of January, 2011.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 15